

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Mrs. Zoila Bonilla-Paul                    :
240 S. New Street
Nazareth, Pa. 18064
     Plaintiff                    CIVIL ACTION No. 19-CV-04079

     v.                    :
                             :    JURY TRIAL DEMANDED

Walmart, Inc. f/k/a Wal-Mart Stores, Inc.
a/d/b/a Walmart Supercenter #2252 1675South
Christopher Columbus Boulevard
Philadelphia, Pa. 19148; and,
3722 East Nazareth Road, Easton,                    Honorable Edward G. Smith
Pa. 18045; and 702 SW 8th Street,
Bentonville, AR 72716  c/o The Corporation Trust Company
Corporation Trust Center,
1209 Orange Street Wilmington, DE 19801
And                                        :
Wal-Mart Stores East, LLC f/k/a
Wal-Mart Stores East, Inc.
1675South Christopher Columbus Boulevard Philadelphia,
Pa. 19148; and, 3722 East Nazareth Hwy.  Easton, Pa. 18045;
and, 702 SW 8th Street
Bentonville, AR 72716; and
c/o The Corporation Trust Company  Corporation
Trust Center, 1209 Orange Street Wilmington, DE
19801
And                                        :
Wal-Mart Stores East, L.P.
1675South Christopher Columbus Boulevard
Philadelphia, Pa. 19148; and,
3722 East Nazareth Road, Easton,
Pa. 18045; and 702 SW 8th Street,
Bentonville, AR 72716  c/o The Corporation Trust Company
Corporation Trust Center,
1209 Orange Street Wilmington, DE 19801
And                                        :
WSE Management, LLC
1675South Christopher Columbus Boulevard
Philadelphia, Pa. 19148; and,
3722 East Nazareth Road, Easton,
Pa. 18045; and 702 SW 8th Street, Bentonville, AR 72716  c/o
The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801
And                                        :
Wal-Mart Associates, Inc.
1675South Christopher Columbus Boulevard
Philadelphia, Pa. 19148; and,
3722 East Nazareth Road, Easton,
Pa. 18045; and 702 SW 8th Street, Bentonville, AR 72716  c/o
The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801; and,
c/o The Corporation Service Company

FILED

SEP 3 0 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

1

2711 Centerville Road, Suite 400
Wilmington, DE 19801
**And**                                                    :
**Wal-Mart Real Estate Business Trust**
1675South Christopher Columbus Boulevard
Philadelphia, Pa. 19148; and,
3722 East Nazareth Road, Easton,
Pa. 18045; and 702 SW 8th Street,
Bentonville, AR 72716 c/o The Corporation Trust Company,
Corporation Trust Center,
1209 Orange Street Wilmington, DE 19801
**And**                                                    :
**Wal-Mart Property Co.**
1675South Christopher Columbus Boulevard
Philadelphia, Pa. 19148; and,
3722 East Nazareth Road, Easton,
Pa. 18045; and 702 SW 8th Street, Bentonville, AR 72716 c/o
The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801
**And**                                                    :
**WSE Investment, LLC**
1675South Christopher Columbus Boulevard
Philadelphia, Pa. 19148; and,
3722 East Nazareth Road, Easton,
Pa. 18045; and 702 SW 8th Street, Bentonville, AR 72716 c/o
The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801
**And**                                                    :
**John Doe No. 1-3**
  c/o **Walmart Inc. f/k/a Wal-Mart Stores, Inc.**
3722 Nazareth Road,
 Easton, Pa. 18045
c/o **Wal-Mart Associates, Inc.**
3722 Nazareth Road
Easton, Pa 18045
c/o **Wal-Mart Stores East,**
**LP**
3722 Nazareth Road
Easton, Pa. 18045
c/o Walmart Super Store
3722 Nazareth Road
Easton, Pa. 18045

        Defendants        :

---

## FIRST AMENDED COMPLAINT – CIVIL ACTION
### 2S- Slip and Fall

Plaintiff Zoila Bonilla-Paul, by and through her attorney, in response to Defendants motion

under Red. R. Civ. P. 12(b)(6)  timely files this First Amended Complaint without waving the issue

of jurisdiction and venue and avers the following:

**Precis to First Amended Complaint:**

Defense Counsels do not represent John Does 1,2,3, **whose identities and locations are known to counsels and other Walmart Defendants. (Exhibit 1: Email** - even though in their "Entrance of Appearance" in Philadelphia Court of Common Pleas they did not make this distinction in representation between John Does 1, 2, 3, and the other Walmart Defendants **(Exhibit 2: Entrance of Appearance in Philadelphia);** and, to date they have never officially amended the entrance of appearance. In Plaintiff's Complaint, John Doe 1, 2, 3 are named along with the other corporate and business Defendants; they are collectively referred to as "Walmart Defendants" **(Exhibit 4: paragraph 13 from the Complaint).**

Since Defense Counsels do not represent all persons named as "Walmart Defendants", it was improper of them to represent to the Court in the Certifications to the Notice of Removal **(Exhibit 5: Certification of Service for Notice to Remove)** and that of the 12(b)(6) motion that they were filing these pleadings on behalf of all "Walmart Defendants".

Because John Does 1,2,3 are not represented by Defense counsels, Plaintiff has had to send pleadings to them separately at the places of employment where their identities are known. **(Exhibit 3: original Certificate of Service of Complaint)**

These John Does 1,2,3 have not entered their appearance *pro se.* Separate legal counsels have not entered an appearance on their behalf. These John Doe defendants are known to other Walmart Defendants and their Counsels because John Does 1 and 2 are on the Walmart store video surveillance tapes prior to and after the accident, and must also be listed on the standard Walmart incident report. Furthermore, their addresses are known in their personnel files. All of these videos, documents, and information have been deliberately, willfully and wantonly concealed, hidden, and withheld from Plaintiff. John Doe 3 is the regional manager whose identity and

3

address is known to other Walmart defendants.

These John Does 1,2,3, have **not agreed** *pro se* or through legal counsel to the filing of the Notice of Removal in the instant case to Federal Court. The Honorable Court under 28 U.S.C. 1446 (b)(2)(A) requires that "all defendants" agree to plead for Removal in order for it to be valid and considered by the Court. All Defendants have not agreed; therefore, the Removal was improper and the case, respectfully, the instant case must be Remanded immediately.

Likewise Defendants John Does 1, 2, 3, did not agree to the 12(b)(6) motion filed by other Walmart Defendants. The pleading has a fatal defective; a defect which, respectfully, requires it to be immediately dismissed *sua sponte* with prejudice.

Other Walmart Defendants and Defense Counsels cannot deliberately, willfully, and wantonly refuse to answer Plaintiff's informal and formal discovery requests concerning the identifies and addresses of their own employees John Does 1,2,3. They persist in bad faith to conceal, hide, and withhold from Plaintiff the surveillance videos, incident reports, as well as identities and addresses of John Does. Then, despite knowing who the John Does are, the other Walmart Defendants and their counsel never informed them of the fact that pleadings directly involving them were being filed; and they did this in order to improperly and artificially create "Diversity of Jurisdiction", and remove them from the case.

By and through their bad faith, Walmart Defendants are incurably prejudicing and irreparably harming Plaintiff in the investigation, preparation, and presentation of her claims.

The Honorable Court has inherent judicial power to act *sua sponte*. Respectfully, the Court may, and ought to, exercise that power to promptly remedy this miscarriage of justice by dismissing the pleadings of Defendants and immediately issuing an Order to Remand the instant case back to Philadelphia - where there is already a Case Management Order for an expedited trial that was request by other Walmart Defendants through their Counsel, and, of course, relinquish

jurisdiction.

Plaintiff further avers:

1.     Plaintiff, Mrs. Zoila Bonilla Paul is an adult citizen of the Commonwealth of Pennsylvania living at 240 S. New Street, Nazareth Pa. 18064; a lawsuit in this matter was filed  by writ of summons.

2.     At all relevant times John Doe 1, 2, 3 were employees , and/or supervisors, and/ or managers and/or assistant managers and/or associates who have  been  employed  by Walmart, Inc. (more properly Walmart Inc.) [herein after "Walmart"], and/or  Wal-Mart Associates, Inc. and/or  Wal-Mart Stores East, LLC. and/or Wal-Mart  Stores,  LP,  and other Walmart Defendants  listed herein at Walmart Super Store #2252.

3.     At all relevant the times in the instant case John Does 1, 2, 3, acted  negligently so as to inflict harm on Plaintiff  while they were working in their capacity as employees, supervisors, managers, assistant managers and/or associates in furtherance of their employment and employers at Walmart and co-defendants.

4.     Plaintiffs in their Motion for Pre –Complaint discovery did allege serious negligent acts on actions on the part of John Doe 1, 2, and 3.  In the original complaint there was a typographical error so that it read that John Doe 1,2,3 were sued not in their individual capacity, but as agents of Walmart which they are.

5.     After Plaintiff's motion for pre-trial discovery was denied, Plaintiff  formally requested discovery of the names and addresses of the persons directly involved at the time of the accident  - John Does 1, 2, and 3, all of the video tapes of  surveillance (there are multiple cameras that record activity the area where Plaintiff fell) , and the incident reports of Walmart Super Store; but, none  have yet been produced .

6.     The Philadelphia the Court of Common Pleas issued a Case Management Order on an expedited basis at the request of  Defense Counsel Jill Fertel, Esq.  After the Case Management Order was issued, a complaint filed, and formal requests for discovery (which have never been answered), the

Defendants (other than John Does 1,2,3) filed for Removal to Federal Court even though the Manager of the store at issue, Ms. Christine Facenda, lives in Philadelphia 4318 Dexter Street. Thus is no Federal Court jurisdiction based on diversity.

7.     Plaintiff reasonably believes and avers that other Defendants, John Does 1, 2, and 3 are domiciled in the Commonwealth of Pennsylvania since they had to get to work every day; and therefore, because they are citizens of the Commonwealth of Pennsylvania there is no jurisdiction in Federal Court based on diversity.   The Plaintiff's ability to plead more fully has been deliberately, willfully, and wantonly obstructed by other Walmart Defendants who have not permitted their adjuster or their attorney to disclose the material, relevant, and admissible evidence of the names and addresses of the John Does known to other Walmart Defendants and their Counsels through the surveillance videos and internal Walmart incident reports and their human resource records, despite the numerous requests for this information both informally and formally by Plaintiff. Ms. Christine Facenda , who did not properly implement policies and procedures or supervise works, resides in Philadelphia, Pennsylvania; her name appears as manager of the Walmart Super Store on the receipt given to Plaintiff at the time of her purchases just prior to the accident.

8.     Other Walmart Defendants and their legal counsels and other agents are in exclusive possession and control of a video surveillance tapes which identify these John Doe defendants, and of Walmart incident reports which names these John Doe Defendants and human resource records which document their addresses. They are deliberately withholding all of this this information in bad faith in order to incurably prejudice and irreparably harm Plaintiff in the investigation, preparation, and presentation of her claims, and to create a bad faith ground for arguing diversity of jurisdiction.

9.     If John Doe Defendants did not live in the Commonwealth of Pennsylvania, other Walmart Defendants would have revealed their names and addresses as being outside the Commonwealth of Pennsylvania in order to satisfy the Diversity requirement for Federal jurisdiction.

10.     Walmart, Inc. (more properly Walmart Inc.) is a Delaware Corporation a/d/b/a, f/k/a Wal-Mart Stores, Inc. It is a publicly held corporation that has no parent company and owns 10% or more of its own stock.   Hereinafter "Walmart". Walmart's principal place of business and home office

is located at 702 S.W. 8th Street in Bentonville, Arkansas 72716. It is the parent corporation of Wal-Mart Stores East LP which directly owns, operates, and controls numerous store locations in **Philadelphia** County, including but not limited to: 1675 S. Christopher Columbus Blvd. **Philadelphia** Pa. 19148,2200 Wheatsheaf, Lane **Philadelphia** Pa. 19137, 9745 Roosevelt Blvd. Ste. A, **Philadelphia,** Pa. 19114; 4600 Roosevelt Blvd Bldg. G, Philadelphia Pa. 19124; 4301 Byberry Road, Philadelphia Pa. 19154 - as well as the Walmart Super Store located at 3722 Nazareth Road, Easton, Pa. 18045.

11.     Walmart is the sole member of Wal-Mart Stores East LLC f/k/a Wal-Mart Stores East, Inc. (A typographical error in the original pleading caused this entity to be mistakenly listed as Wal-Mart Stores East LLC f/k/a Wal-Mart Stores, Inc. LP. and Wal-Mart Stores East, Inc. to be listed as a separate entity – Plaintiff has corrected that typographical error in the instant caption, and will seek a stipulation from Defendants as to the correctness of the name). Wal-Mart Stores East LLC f/k/a Wal-Mart Stores East, Inc. (principal place of business and home office is located at 702 S.W. 8th Street in Bentonville, Arkansas 72716. Defense Counsel has claimed on behalf of the clients she represents that this entity is not in any case involved in the negligent events which lead to the serious harm inflicted on Plaintiff.

12.     Wal-Mart Real Estate Business Trust is a Delaware real estate business trust which is an indirectly, wholly-owned subsidiary of Wal-Mart Stores, Inc. with its principal place of business and home office is located at 702 S.W. 8th Street in Bentonville, Arkansas 72716. Walmart is the parent corporation and own 10% or more of its stock.

13.     Wal-Mart Property Company is the direct parent company of Wal-Mart Real Estate Business Trust and its principal place of business and home office is located at 702 S.W. 8th Street in Bentonville, Arkansas 72716.

14.     The direct parent of Wal-Mart Property Company is Wal-Mart Stores East, L.P. and its principal place of business and home office is located at 702 S.W. 8th Street in Bentonville, Arkansas

72716.

15.     Wal-Mart Stores East L.P. is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner; its principal place of business and home corporate headquarters is located at 702 8th Street in Bentonville, Arkansas. The parent corporation of Wal-Mart Stores East LP is Walmart which owns 10% or more of its stock.

16.     The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC f/k/a Wal-Mart Stores East, Inc., an Arkansas limited liability company whose sole member is Walmart Inc. with its principal place of business in Bentonville, Arkansas.

17.     Walmart is the parent corporation of WSE Management and owns 10% or more of its shares.

18.     Walmart is the parent corporation of WSE Investment LLC and owns 10% of more its shares.

19.     The sole member of Wal-Mart Stores, LLC. is Walmart Inc. f/k/a Wal-Mart Stores, Inc. with its principal place of business and office in Bentonville, Arkansas.

20.     Wal-Mart Associates, Inc. is a Delaware corporation and a wholly-own subsidiary of Walmart, Inc. (more properly, Walmart Inc.) f/k/a Wal-Mart Stores, Inc. which provides services and employment related to all Walmart employees/associates. Its principal place of business and home office is in Bentonville, Arkansas. The parent corporation of Wal-Mart Associates, Inc. is Walmart Inc. which owns 10% or more of its stock.

21.     The above listed Walmart corporate and company Defendants are a collection of business entities, organizations, and/or companies, and/or corporations, and/or other business entity, and/or persons that control, and/or own, and/or lease, and/or maintain, and/or operate, and/or conduct business in multiple locations within the Commonwealth of Pennsylvania including numerous locations in **Philadelphia** County one at 1675 S. Christopher Columbus Blvd. **Philadelphia** Pa. 19148,2200 Wheatsheaf, Lane **Philadelphia** Pa. 19137, 9745 Roosevelt Blvd. Ste. A, **Philadelphia**, Pa. 19114;

4600 Roosevelt Blvd Bldg. G, Philadelphia Pa. 19124; 4301 Byberry Road, Philadelphia Pa. 19154 - as well as Walmart's location in 3722 Nazareth Road, Easton, Pa. 18045. Plaintiff cannot plead more specifically because Defendants have in bad faith willfully and wantonly obstructed access to the store's incident report and the surveillance video tape and adamantly and intractable refused to answer any of the discovery requested by Plaintiff both informally and formally with regard to John Does 1, 2, 3.

John Doe 3, a regional manager, is responsible for the supervision of, and formation, and implementation of policies and procedures that are designed to protect the public in all of these stores named above.

22.   John Doe Numbers 1, 2, 3 are affiliates, and/or managers/ and/ or assistant managers and/or associates and /or agents, business partners, employees of Walmart Defendants, Wal-Mart Stores East LP. Walmart Inc. , f/k/a/ Wall–Mart Stores, Inc. and/or a/d/k/a/, a/k/a/ Walmart Super Center #2252 and/or Wal-Mart Associates, Inc. and/or other Walmart Defendants. Herein after all the above Defendants including , but not limited to, John Doe 1,2, 3, shall be referred to collectively hereinafter as the "Walmart Defendants."

23.   Plaintiff was 7 months pregnant at the time of the fall. The accident at issue in the case occurred on 6/10/17 at the Wal-Mart Supercenter # 2252 located at 3722 East Nazareth Road, Easton Pa. 18045. Walmart.

24.   Plaintiffs aver that Defendants have not produced the surveillance video recordings because they have been spoliated them through editing/ redacting/ and/or by other means in order to incurably prejudice and irreparably harm Plaintiff in the investigation, preparation, and presentation of her claims. Defense Counsel Fertel, Esq. has stated that she has seen the video tape of the slip and fall, but, apparently, has not been authorized Walmart Defendants to release the tape to Plaintiff despite the formal discovery requests of Plaintiff.

25.   At all relevant times the Walmart Defendants acted through their agents, whether they be affiliates, corporate officers, and/or employees/associates, and/or servants, and/or agents- actual, ostensible, or apparent agents of each other such that the liability of imposing acts and/or omissions

9

committed by each and any Walmart Defendants including, but not limited to, John Does 1,2, 3 imposes liability on all the other Walmart Defendants under the doctrines of respondent superior, vicarious liability, agency, - actual, and/or apparent, and/or ostensible, and/or implied; and/or master-servant relationship.

26.    At all material times herein, the Walmart Defendants employed as its affiliates, agents, whether actual, ostensible, or apparent, and/or its officers, employees/associates, servants, members and/or assigns, and/or controlled and/or regulated same in some fashion such that any of their actions performed or omissions made in furtherance of its business, imposes liability upon each of the other "Walmart Defendants" under the doctrines of respondent superior, vicarious liability, agency (actual, and/or implicit, and/or apparent, and/or ostensible, and/or implied), and/or master-servant relationship.

27.    This case was originally filed in The Court of Common Pleas **Philadelphia** County Pennsylvania No. May Term, No 001056 where the Walmart manager lives and where Walmart corporate and company Defendants continuously do business in numerous locations: e.g. numerous locations in **Philadelphia** County one at 1675 S. Christopher Columbus Blvd. **Philadelphia** Pa. 19148,2200 Wheatsheaf, Lane **Philadelphia** Pa. 19137, 9745 Roosevelt Blvd. Ste. A, **Philadelphia**, Pa. 19114; 4600 Roosevelt Blvd Bldg. G, Philadelphia Pa. 19124; 4301 Byberry Road, Philadelphia Pa. 19154.

28.    Pleadings, motions, and Court rulings and Orders were made in Philadelphia and Defendants' legal counsel requested that the case to be listed on the *expedited* trial list which was granted by the Court; and the Court-issued a Case Management Order on the expedited track.

**29.    Sometime after receiving the Philadelphia Case Management Order for an expedited trial, Walmart corporate and company Defendants filed to Remove the case to Federal Court without notifying John Does 1,2,3 whose names and address are known to Walmart corporate Defendants and Defense Counsels.**

30.    There is <u>in personam</u> jurisdiction over Walmart Defendants, including but not limited to, its numerous entities described above which own, control, maintain stores and/or regularly

10

conducts business, operates stores, and/or employs individuals within the City of Philadelphia and Commonwealth of Pennsylvania. Defendants are claiming diversity of Jurisdiction but will not produce to Plaintiffs the names and addresses of the John Doe 1, 2, 3, employees Walmart corporate and company Defendants that were involved in the slip and fall incident with Plaintiff despite numerous requests both informal and formal. Defendants are engaging in stonewalling in order to create a diversity of jurisdiction. Some John Doe Defendants may also live in Philadelphia and this is the reason that their names and addresses are being hidden from Plaintiff.

31.        Jurisdiction is not based in the District Court for the Eastern District of Pennsylvania as the requirement for diversity of citizenship does not exist. John Doe Defendants 1 or 2 or 3 are domiciled in Pennsylvania and the Plaintiff is domiciled in Pennsylvania; therefore, the Federal District Court does not have original jurisdiction in this matter.       Moreover, the Super Store Manager at the time of the incident is domiciled in Philadelphia; and Walmart corporate and company Defendants continuously do business in numerous locations: e.g. numerous locations in **Philadelphia** County one at 1675 S. Christopher Columbus Blvd. **Philadelphia** Pa. 19148,2200 Wheatsheaf, Lane **Philadelphia** Pa. 19137, 9745 Roosevelt Blvd. Ste. A, **Philadelphia,** Pa. 19114; 4600 Roosevelt Blvd Bldg. G, Philadelphia Pa. 19124; 4301 Byberry Road, Philadelphia Pa. 19154.

32.        Jurisdiction over Walmart Defendants in the Philadelphia Court of common Pleas is also authorized by the Pennsylvania Long Arm statute **42 Pa. C.S.A. Sec. 5322** and/or is based on its own significant contacts within this Commonwealth and with the city of Philadelphia which include, but are not limited, a history of doing business, and advertising and/or employing personnel in Philadelphia County, Pennsylvania.

33.        Venue is proper in Philadelphia County pursuant to **Pa. R.Civ. P. 1006** which sates in pertinent part that a claim may be brought in the county in which the cause of action arose, or in any other county authorized by law.

34.        Pursuant to **Pa. R. Civ. P. 2179(a)(2)** venue lies where a corporation or similar entity regularly conducts business. The "Walmart Defendants" regularly conduct business in Philadelphia

County Pennsylvania. The Defendants in a prior case **(Jesus Ramos et al.v. Wal-Mart Stores, Inc.**
**et al. .**Philadelphia Court of Common Pleas, December, 2015, No. 003065 involving an incident at
the very same Walmart location (Superstore #2252) as in the instant case l i k e w i s e  petitioned to
remove  plaintiffs' case from Philadelphia to Federal Court.

35.          The Federal Judge in Lehigh County granted Plaintiffs' Motion to Remand, and
remanded the  case back to Philadelphia (**The Court may take judicial notice of the Order of Judge**
**Joseph R. Leeson, Jr.**).

36.          Defendants, having been remanded, then  sought to remove the **Ramos** case to a county
outside of Philadelphia on the grounds of *forum non-conveniens;* Defendants were  denied this move by
the Honorable Court (**Court  Order of Philadelphia Judge Younge who  since then become part of**
**the judiciary in the U.S. Court for Eastern District of Pennsylvania** ).


37.          On or about  6/10/17,  Plaintiff  Zoila Bonilla Paul  was shopping in the Defendants'
Walmart Super Store # 2252 which at all material and relevant times therein was open to the public for
business.

38.          At all material and relevant times herein, Plaintiff was a business invitee of the Walmart
Defendants  and was owed the highest duty of care by Defendant.

39.          At all relevant and material times herein, Walmart Defendants were on actual notice and/or
constructive notice and/or knew and/or should have known that there was a clear, translucent,  slippery,
liquid substance laying on the smooth, hard floor of their store  and that it created an unreasonably
dangerous condition for their business invitees and it was of such a nature that they could anticipate that the
business invite would not recognize it  and would fail to protect herself against it.

40.          At all material and  relevant time herein, Walmart Defendants by and through its agents,
supervisors, staff and/or employees either created or caused  the clear, translucent, slippery, liquid to come
onto and remain on the floor, or could have discovered through reasonably inspections and/or did in fact do

12

so since John Doe 1 informed Plaintiff that he had requested John Doe 2 to clean up the liquid prior to her slipping and falling, but John Doe 2 had not done so.

41.     This clear, translucent, slippery, liquid substance on the hard smooth floor created an unreasonably dangerous condition on the floor which was created by the store employees, and/or lack of supervision of and/or by Walmart Defendants .

42.     Defendants failed to properly and timely warn Plaintiff about this condition, and/or put up a sign or cone warning of a wet floor, and/or barricade to prevent business invitees, including Plaintiff, from walking in the area where the clear spilt, clear, slippery liquid was on the hard smooth surface of the floor, and/or clean and/or mop up the floor in order to make it safe.

43.     At all material and relevant times herein, Walmart Defendants by and through its agents, supervisors, staff and/or employees failed to mop and/or otherwise clean up the floor and/or properly supervise the process of cleaning up the liquid to ensure that the remediation of the danger to Plaintiff was completed in a timely and proper manner even after said agents, employees and/or staff were given instructions to clean the floor up prior to the accident involving the pregnant Plaintiff.

44.     At the time, Plaintiff did not see or hear anyone around her drop or spill water and/ or any other transparent and/or clear liquid on the floor.

45.     Plaintiff was not warned of the presence of the clear slippery liquid substance by way of a warning cone, or sign, or barrier, or verbal warning from an employee, or in any other way prior to her slip and fall.

46.     At all material and relevant times herein, Pennsylvania law under the Restatement (Second) of Torts §343 applied where the duty Defendants is defined *inter alia* as "...a possessor of land owes a duty to protect invitees from foreseeable harm which are known or discoverable by the possessor if he : (1) knows or by the exercise of reasonable care would discover the condition and/or should have realized that it involved an unreasonable risk of harm to such invitee; (2) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and (3) fails to exercise reasonable care to protect them from danger.

13

47.     John Does 1 and 2 knew that there was a clear, translucent, liquid substance on the floor which made the hard smooth polished surface of the floor extremely slippery; hence, the dangerous condition existed long enough to be discovered by the exercise of reasonable care.

48.     John Doe 1 knew that the clear, thin, translucent and slippery liquid posed an unreasonable risk of harm to business invitee, of which Plaintiff was one, and expected that the shoppers, including Plaintiff, would not realize the danger, and would fail to protect themselves against it; and, therefore, directed, ordered, commanded John Doe 2 to remediate, mop up, clean up and/or in some way act so as to protect the business invitees, of which Plaintiff was one, from foreseeable harm.

49.     At all material times, Plaintiff was a business invitee who was looking where she was going did not realize the danger and did fail to protect herself against it because the danger was invisible since the liquid was clear, thin, translucent making floor appear through said liquid as if there was nothing on it.

50.     Walmart Defendant did fail to exercise reasonable care to protect Plaintiff against the danger which was known to John Doe 1 who had instructed John Doe 2 to clean up the liquid prior to Plaintiff slipping and falling.

51.     At all material and relevant times herein, Pennsylvania law holds that a possessor of land who creates the dangerous condition is deemed to be have knowledge of the dangerous condition and to be on notice of the dangerous condition.

52.     Plaintiff believes that the presence of the translucent, clear, liquid on the floor had been created by the possessor of the premises and/or its agents, not by any other customer; and was, in any case, known to Walmart Defendants prior to her slip and fall. Plaintiff cannot plead with more sufficient specificity because Walmart Defendants have knowingly, intentionally, willfully, purposefully, wantonly and maliciously withheld, concealed, hid from Plaintiff the internal Walmart incident reports and all of the videos from all the cameras focused on that area prior to, during, and after Plaintiff's slip and fall, and have done so despite numerous requests to produce same. The object of this obstreperous activity on the part of

14

Walmart Defendants is to unfairly, incurably prejudice and irreparable harm Plaintiff in the investigation, preparation, and presentation of her claims.

53.    After shopping and exiting the self-checkout area, Plaintiff walked along and stepped onto the area of the smooth, hard floor surface which unknown to her was wet with a slippery, clear, transparent liquid; there were no signs, no cones, no barrier, no tape, and no employee warning Plaintiff that there was an invisible, clear, translucent liquid on floor which posed an unreasonable risk of danger to her.

54.    As a result of stepping on the slippery, translucent liquid on the hard smooth floor wet floor, the Plaintiff, who was seven months pregnant, suddenly slipped and fell down very rapidly on the hard floor.

55.    As a result of crashing to the floor hard while seven months pregnant, Plaintiff suffered numerous injuries.

56.    Immediately following her fall, the manager and/or a store employee and /or store associate, and/or agent, John Doe 1, came to the area accompanied by a second John Doe 2, a manager and/or employee/ and/or associate in training and/or agent, came to the area where Plaintiff was. Plaintiff cannot plead with more sufficient specificity because Walmart Defendants have knowingly, intentionally, willfully, purposefully, wantonly and maliciously withheld, concealed, hid from Plaintiff the internal Walmart incident reports and all of the videos from all the cameras focused on that area prior to, during, and after Plaintiff's slip and fall, and have done so despite numerous requests to produce same. The object of this obstreperous activity on the part of Walmart Defendants is to unfairly, incurably prejudice and irreparable harm Plaintiff in the investigation, preparation, and presentation of her claims.

57.    Upon seeing the Plaintiff on the floor, a Defendant John Doe 1 the employee, and/or department supervisor and/or manager and/or assistant manager, of co- Defendants exclaimed to the Plaintiff in an excited utterance, and made a statement against the Defendants' interest that he had told someone (believed by Plaintiff to be John Doe 2 who was with him) to mop up, clean up the wet floor prior to her slipping and falling; but, it had not been done. Plaintiff cannot plead with more sufficient specificity because Walmart Defendants have knowingly, intentionally, willfully, purposefully, wantonly and

maliciously withheld, concealed, hid from Plaintiff the internal Walmart incident reports and all of the videos from all the cameras focused on that area prior to, during, and after Plaintiff's slip and fall, and have done so despite numerous requests to produce same. The object of this obstreperous activity on the part of Walmart Defendants is to unfairly, incurably prejudice and irreparable harm Plaintiff in the investigation, preparation, and presentation of her claims.

58.     Defendant John Doe 1 who knew of the clear slippery liquid on the floor, though ordering another John Doe 2 to clean up the spill, did himself fail *inter alia* to cordon off the area , or put out warning signs, or have another employee direct shoppers away from  the area, or put something down on the floor to prevent a customer from slipping and falling;  and he failed to supervise the clean up to make sure the floor was cleaned in a timely manner so that a customer such as Plaintiff did not fall and hurt herself.

59.     John Doe 2who had been instructed to clean up the clear slippery liquid on the hard, smooth floor likewise  failed  *inter alia t*o put out any warning signs, or covering such as a mat, or direct someone to warn customers, or call someone to bring a mop to the area while he directed customers away from the liquid, or the floor in a timely manner.

60.     John Doe 3, a regional manager (either alone or in concert with other Walmart Defendants, their employees, or agents) was responsible  for formulating and/or  enforcing the execution of  store policies and procedure, and/or overseeing employees, managers, agents so that dangerous  conditions in the store were remedied  either directly or through  the conduct of other employees so that the store would remained safe for business invitees like Plaintiff to shop in,  likewise failed *inter alia* in either creating and/or formulating a policy and procedure whereby such dangerous conditions as occurred in the case with Plaintiff would be discovered and remedied in such a time and manner as to preclude danger to the business invitee such as Plaintiff, and/ or failed to have in place an enforcement mechanism for such policies and procedures – all to the great detriment of Plaintiff.   The failure of John Doe 3 to supervise and/or make said policies and procedures and/or to create said enforcement mechanism was also a substantial factor in the harm that befell Plaintiff.

61.     Again, Walmart Defendants have willfully, and wantonly precluded Plaintiff from pleading more specifically because Walmart Defendants have never given their claims adjuster or defense counsel permission to respond to the discovery requests of Plaintiff with the names and addresses of John Does 1,2,3 and despite numerous requests have adamantly and in bad faith refused to produce the store surveillance video tape so that Plaintiff could hear what was said by Defendant John Does and see what was done prior her slip and fall and afterwards; furthermore, they have not provide the incident report.

62.     At all material and relevant times herein, Walmart Defendants knew (or should have known) that there was a dangerous condition on the floor of their store.

63.     At all material and relevant times herein Walmart Defendants had a duty to maintain the premises in a reasonably safe condition for the purposes for which the invitation to the business invitee was extended.

64.     At all material and relevant times herein, Walmart Defendants had a duty to use reasonable care to protect Plaintiff from harm; and they failed to do so which was the proximate cause of harm to Plaintiff.

65.     Plaintiff at all material and relevant times was herself not contributorily negligent; nor did she assume the risk of injury by stepping into, slipping on, and crashing to the floor which was wet with a clear, transparent, translucent liquid .

66.     At all material and relevant times herein, Plaintiff was wearing low heeled foot-ware which had rubber, skid resistant soles.

67.     At all material and relevant times herein, there were no cordoned off area, or warning signs or cones or personnel in the area of the wet floor alerting Plaintiff to the danger.

68.     At all material and relevant times herein, there were no Walmart employees or other personnel standing in the vicinity of the wet area directing customers away from the dangerous wet condition on the floor which posed an unreasonable risk of harm to Plaintiff.

69.     At all relevant and material times herein, Walmart Defendants were on actual notice of the wet condition and instructed employees to mop or clean it up.

70.     Plaintiff was in a great amount of pain and  exceedingly anxious and worried about harm to her unborn baby from her hard crash to the floor.

71.     Plaintiff could not stand up on her own; eventually was able to get up and leave the store with help.

72.      Plaintiff has kept numerous medical appointments for pain management therapy .

73.     Since the accident, Plaintiff's ability to work has been negatively affected.

74.     The liability producing acts and/or omissions of Walmart Defendants were the direct and proximate cause of the injuries sustained by Plaintiff.

75.     As a direct and proximate cause of the liability producing acts and/or omissions of all the Defendants set forth more fully herein, Plaintiff  has suffered *__inter alia__* injuries to her joints, muscles, bones, ligaments,  nerves and nervous system,  and will continue to suffer the effects of these injuries for an indefinite period of time into the future to her great detriment damage and loss; and, therefore, Plaintiff makes a claim for these damages and for all other  damages which may be recoverable.

76.     Plaintiff has had to have many medical treatments with significant cost currently in the six figures by her calculations, and which is ongoing and will continue into the indefinite future.

77.     As a direct and proximate cause of the liability producing acts and/or omissions of the Defendant, set forth more fully herein,   Plaintiff has suffered  *__inter alia__* humiliation, embarrassment, the loss  of life's pleasures, loss of the enjoyment of life, inconvenience,  loss of  the normal daily activities, loss of the habits and pursuits she might have had but for her injuries.  Plaintiff has suffered these losses and will continue to suffer these losses for an indefinite period of time into the future to her great detriment, damage, and loss; and, therefore, Plaintiff makes a claim for these damages and for all other damages which may be recoverable.

78.     As a direct and proximate cause of liability producing acts and/or omissions of  the Walmart Defendants set forth more fully herein, Plaintiff has received extensive medical treatment.  As a result, Plaintiff has incurred medical expenses.  Plaintiff will continue to incur substantial  medical and

related expenses for an indefinite period of time into the future all to her great detriment damage and loss. Plaintiff makes a claim for these damages and for all other damages which may be recoverable.

79.     As a direct and proximate cause of liability producing acts and/or omissions of the Walmart Defendants set forth more fully herein, Plaintiff has experienced mental and emotional distress, anxiety, and psychological injury. Plaintiff has suffered these losses and will continue to suffer these losses for an indefinite period of time in the future to her great detriment damage and loss; and therefore, Plaintiff makes a claim for these damages and for all other damages which may be recoverable.

80.     As a direct and proximate cause of liability producing acts and/or omissions of the Walmart Defendants set forth more fully herein, Plaintiff has lost earnings and/or a diminution of future earning potential. Plaintiff has suffered these losses and will continue to suffer these losses for an indefinite period of time into the future to her great detriment damage and loss; and therefore, Plaintiff makes a claim for these damages and for all other damages which may be recoverable.

## COUNT I – NEGLIGENCE AGAINST ALL DEFENDANTS

81.     Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint 1 through 80, as if each were set forth in full below.

82.     At all relevant and material times herein, Plaintiff was a business invitee of Walmart Defendants.

83.     Walmart Defendants owed Plaintiff the highest duty of care to keep its premises in a reasonably safe, non- dangerous condition and to remove any and all hazards conditions in a reasonably timely manner.

84.     Walmart Defendants were on actual notice and/or constructive notice and/or Walmart Defendants knew and/or should have known that there was a slippery wet area on the floor of its store covered with a translucent, clear, slippery, liquid which would cause an unreasonable risk of harm to Plaintiff.

85.     The dangerous condition was caused by Walmart Defendants themselves and/or through its employees, staff, employees and/or associates and/or managers and/or assistant managers and/or agents;

19

therefore, Plaintiff does not need to prove that Walmart Defendants had notice of such a danger. **Vazquez v. Wal-Mart Stores Inc.**, 2010 U.S. Dist. LEXIS 82445 (U.S. Court for the Eastern District of Pennsylvania, 2010, Pollack).

86.     At all material and relevant times herein, Walmart Defendants should have anticipated that this dangerous condition was of such a nature that a business invitee, of which Plaintiff was one, would not notice the dangerous condition, and would fail to protect herself against it.

87.     At all material and relevant times, Walmart Defendants had a duty to discover the slippery wet floor and in a proper and timely fashion to warn and to mitigate the danger posed to the Plaintiff in a prompt, timely, and proper manner.

88.     Walmart Defendant breached their duty of care by not warning and/or mitigating the danger to Plaintiff in a timely and proper manner, despite actual knowledge of the dangerous condition and; therefore, Walmart Defendants failed to exercise reasonable care to protect Plaintiff from harm which Plaintiff actually suffered.

89.     Plaintiff at all material and relevant times was herself not contributorily negligent; nor did she assume the risk of injury by stepping into, slipping on, and crashing to the floor which was wet with a clear, transparent, translucent liquid rendering it virtually invisible since the store had failed to place anything or person to warn Plaintiff against the dangerous condition on the floor.

90.     More specifically, Walmart Defendants breached its duty of care *inter alia* when they failed to timely mop and/or to clean up the wet floor and/or to cover the floor with mats and/or rugs and/or cones and/ or tape and/or a barrier and/or to have an employee and/or associate and/ or manager and/ or other agent warn patrons of the store about the slippery wet areas, and/or otherwise eliminate or mitigate the unreasonably dangerous condition on the floor.

91.     Walmart Defendants beached their duty to exercise reasonable care to protect Plaintiff from a danger in their store that they should have anticipated that Plaintiff would not recognize or protect herself against, a danger which they knew of or through the reasonable exercise of care would have discovered. The negligent, careless, and/or reckless acts and/or omissions of Walmart Defendants including Defendants John

20

Doe 1,2,3   acted individually and/or through its agents ostensible, actual, apparent, express or implied and/or staff, servants and/or employees are as follows:

        a)      failing to mop or clean the floor where the dangerous condition existed in a timely manner when it knew or should have known of the unreasonable danger to Plaintiff that a clear liquid on a smooth, hard, polished floor posed, and ought to have anticipated that it was unlikely that the Plaintiff would discover the danger or take actions to protect herself from the harm it posed because the clear liquid on the floor made the slippery danger virtually invisible;

        b)      failing to cover the dangerous condition with mats and/or other materials;

        c)      failing to timely and properly warn patrons including Plaintiff of the dangerous condition;

        d)      failing to cordon off the area so business invitees would not walk in the area where the dangerous condition existed;

        e)      failing to station an employee/associate at the area of the slippery, wet  dangerous hard floor before it was remediated ;

        f)      failing to establish and/or follow and/or enforce company rules and/or regulations and/or  policies and procedures for the inspection of the premises to quickly discover unreasonably dangerous conditions on the store floors;

        g)      failing to establish and/or enforce and/or  implement and/or supervise the execution of rules, regulations,  policies and procedures  designed to reasonably detect and mitigate the danger from slippery substances on the floor that pose a danger to business invitee;

        h)      failing to properly train and properly supervise employees/ associates/ assistant managers in procedures and policies that existed for timely mitigating the risk of harm to business invitees from the dangerous condition posed by the existence of a  clear, translucent slippery  liquid on the floor.

       92.     As a direct and proximate cause of the liability imposing acts and/or omissions of Walmart Defendants, Plaintiff sustained severe injuries set forth more fully herein in this complaint.

93.     The liability imposing acts and/or omissions of Walmart Defendants were committed by an actual and/or apparent, and/or ostensible or express or implied agent, servant, and/or employee/s of Walmart Defendants and/or as actual , apparent, ostensible, express or implied agents of each other and/or acting as agents of other agents.

**WHEREFORE,** Plaintiff demands judgment against  Walmart Defendants in an amount in  excess of  the arbitration limit in damages, interest, costs, delay damages, punitive damages,  and  damages otherwise allowed by law.

/s/ Joseph R. Armenti, Esquire

_____

By:  Joseph R. Armenti, Esquire
Identification No: 46356
303 Chestnut Street
Philadelphia, PA 19106
(215) 925-2020; Fax (610) 459-4716
atlas16@verizon.net
Attorney for Plaintiff

## Certificate of Compliance

I certify that the filing complies with the provision of the Pubic Access Police of the Unified

Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that requires the filing of

confidential information and documents differently than non-confidential information and documents.

/s/ Joseph R. Armenti, Esquire

By __ _ _ _ _ _ _ _____

Joseph R. Armenti, Esquire
The Armenti Building
303 Chestnut Street
Philadelphia, Pa 19106
610-613-2739; Fax 610-459-4716
Email: atlas16@verizon.net
Attorney for Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that I have served up all persons listed below a true and correct copy of the

Plaintiff's Complaint in the above captioned matter this date September 30, 2019 by electronic cm/ecf, e-

mail, and/or regular mail and/or fax:


**John Doe No. 1-3**
   c/o  **Walmart Inc. f/k/a Wal-Mart Stores, Inc.**
3722 Nazareth Road,
Easton, Pa. 18045
c/o **Wal-Mart Associates, Inc.**
3722 Nazareth Road
Easton, Pa  18045
c/o **Wal-Mart Stores**
**East, LP**
3722 Nazareth Road
Easton, Pa. 18045
c/o Walmart Super Store
3722 Nazareth Road
Easton, Pa. 18045

Patrick J. McDonnell, Esquire
Jill H. Fertel, Esquire
McDonnell & Associates
Metropolitan business Center
860 1ˢᵗ Avenue, Suite 5 B
King of Prussia, Pa  19406
Telephone 610-337-2087
Fax 610-337-2527
pmcdonnell@mcda-law.com
kfertel@mcda-law.com
Counsel for all Christine Facenda
All Walmart Defendants

/s/ Joseph R. Armenti, Esquire

Joseph R. Armenti, Esquire
Counsel for Plaintiff  Zoila Bonilla -Paul

## VERIFICATION

I, Ms. Zoila Bonilla-Paul, verify that the statements made in the Complaint are true and correct to the best of my knowledge ,information and belief and make these statements subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Ms. Zoila Bonilla-Paul

# EXHIBIT   1

**owner one**

| | |
|---|---|
| **From:** | Jill Fertel <jfertel@mcda-law com> |
| **Sent:** | Friday, June 7, 2019 11:56 AM |
| **To:** | Rebecca Christie; atlas16@verizon.net |
| **Subject:** | Re: Zoila Bonilla-Paul v. Christina Facenda, et al |

Counsel,

Please note that our entry of appearance is limited to the named Walmart Defendants and Christina Facenda. This firm is not entering its appearance on behalf of the John Doe Defendants.

Typically, this would be made clear by the e-filing system; however, as it is down, I wanted to be sure to clarify.

Thank you,

Jill Fertel, Esquire
McDonnell & Associates, P.C.
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
Phone:   (610) 337-2087
Fax:       (610) 337-2575
E-Mail:   jfertel@mcda-law.com
www.mcda-law.com

---

**From:** Rebecca Christie
**Sent:** Thursday, June 6, 2019 3:59:30 PM
**To:** Jill Fertel; atlas16@verizon.net
**Subject:** RE: Zoila Bonilla-Paul v. Christina Facenda, et al

Good Afternoon –

Please see attached Entry of Appearance filed today with the Philadelphia Court of Common Pleas. Please note, I could not get the Court's stamp to scan any dark.

Thank you.
Rebecca Christie, Paralegal
McDonnell & Associates, P.C.
Metropolitan Business Center
860 1st Avenue, Unit 5B
King of Prussia, PA  19406
Phone:   (610) 337-2087
Fax:       (610) 337-2575
E-Mail:   rchristie@mcda-law.com
www.mcda-law.com

# EXHIBIT  2

182.845

**McDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
pmcdonnell@mcda-law.com
By: Jill H. Fertel, Esquire
Attorney I.D. No. 205982
jfertel@mcda-law.com
Metropolitan Business Center
860 1ˢᵗ Avenue, Suite 5B
King of Prussia, PA 19406
Telephone - 610-337-2087
Facsimile - 610-337-2575                    *Attorneys for Defendants*

---

| | |
|---|---|
| ZOILA BONILLA PAUL | : COURT OF COMMON PLEAS |
| | : |
| Plaintiff | : PHILADELPHIA COUNTY, PA |
| | : |
| | : MARCH TERM, 2019, No: 01035 |
| vs. | : |
| | : |
| CHRISTINA FACENDA; | : JURY TRIAL DEMANDED |
| WALMART, INC. f/k/a WAL-MART | : |
| STORES INC. a/b/d/a WALMART | : |
| SUPERCENTER #2252; WAL-MART STORES | : |
| EAST, LLC f/k/a WAL-MART STORES EAST, | : |
| INC.; WAL-MART STORES EAST, L.P.; | : |
| WSE MANAGEMENT, LLC; WAL-MART | : |
| ASSOCIATES, INC.; WAL-MART REAL | : |
| ESTATE BUSINESS TRUST; WAL-MART | : |
| PROPERTY CO.; WSE·INVESTMENT, LLC; | : |
| JOHN DOE NO. 1-3 | : |
| Defendant. | : |

---

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter our appearance on behalf of the Defendants in the above-captioned matter.

                                MCDONNELL & ASSOCIATES, P.C.

Dated:    June 6, 2019          By: _____
                                Jill H. Fertel, Esquire
                                *Attorneys for Defendant*

182.845

**McDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
pmcdonnell@mcda-law.com
By: Jill H. Fertel, Esquire
Attorney I.D. No. 205982
jfertel@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
Telephone - 610-337-2087
Facsimile - 610-337-2575                    *Attorneys for Defendants*

---

| ZOILA BONILLA PAUL | : | COURT OF COMMON PLEAS |
|---|---|---|
| | : | |
| Plaintiff | : | PHILADELPHIA COUNTY, PA |
| | : | |
| | : | MARCH TERM, 2019, No: 01035 |
| vs. | : | |
| | : | |
| CHRISTINA FACENDA; | : | JURY TRIAL DEMANDED |
| WALMART, INC. f/k/a WAL-MART | : | |
| STORES INC. a/b/d/a WALMART | : | |
| SUPERCENTER #2252; WAL-MART STORES | : | |
| EAST, LLC f/k/a WAL-MART STORES EAST, | : | |
| INC.; WAL-MART STORES EAST, L.P.; | : | |
| WSE MANAGEMENT, LLC; WAL-MART | : | |
| ASSOCIATES, INC.; WAL-MART REAL | : | |
| ESTATE BUSINESS TRUST; WAL-MART | : | |
| PROPERTY CO.; WSE INVESTMENT, LLC; | : | |
| JOHN DOE NO. 1-3 | : | |
| Defendant. | : | |

---

## DEMAND FOR JURY TRIAL

TO THE PROTHONOTARY:

Defendants by and through its undersigned counsel, hereby demands a trial by jury in the above-captioned matter.

MCDONNELL & ASSOCIATES, P.C.

Dated:    June 6, 2019            By:   _____
                                         Jill H. Fertel, Esquire
                                         *Attorneys for Defendants*

2

182.845

**McDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
pmcdonnell@mcda-law.com
By: Jill H. Fertel, Esquire
Attorney I.D. No. 205982
jfertel@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
Telephone - 610-337-2087
Facsimile - 610-337-2575                 *Attorneys for Defendants*

---

| | |
|---|---|
| ZOILA BONILLA PAUL | COURT OF COMMON PLEAS |
| Plaintiff | PHILADELPHIA COUNTY, PA |
| | MARCH TERM, 2019, No: 01035 |
| vs. | |
| CHRISTINA FACENDA; | JURY TRIAL DEMANDED |

CHRISTINA FACENDA;
WALMART, INC. f/k/a WAL-MART
STORES INC. a/b/d/a WALMART
SUPERCENTER #2252; WAL-MART STORES
EAST, LLC f/k/a WAL-MART STORES EAST,
INC.; WAL-MART STORES EAST, L.P.;
WSE MANAGEMENT, LLC; WAL-MART
ASSOCIATES, INC.; WAL-MART REAL
ESTATE BUSINESS TRUST; WAL-MART
PROPERTY CO.; WSE INVESTMENT, LLC;
JOHN DOE NO. 1-3
                    Defendant.

---

**CERTIFICATE OF SERVICE**

I, Jill H. Fertel, Esquire, hereby certify that a true and correct copy of the Entry of Appearance and Demand for Jury Trial on behalf of Defendants was filed with the Court and was served via email on the following:

Joseph R. Armenti, Esquire
The Armenti Building
303 Chestnut Street
Philadelphia, PA 19106
*Attorney for Plaintiff*

2

MCDONNELL & ASSOCIATES, P.C.

Dated:     June 6, 2019          By:
_____
Jill H. Hertel, Esquire
*Attorneys for Defendants*

2

# EXHIBIT  3

# CERTIFICATION OF SERVICE

I hereby certify that I have served up all persons listed below a true and correct copy of the

Plaintiff's Complaint in the above captioned matter this date August 8, 2019 by electronic e-mail

filing and/or regular mail and/or fax:

John Doe 1, 2,' and 3
Wal-Mart Associates, Inc.
Wal-Mart Stores East, LP
3722 Nazareth Road
Easton, Pa. 18045

Patrick J. McDonnell, Esquire
Jill H. Fertel, Esquire
McDonnell & Associates
Metropolitan business Center
860 1ˢᵗ Avenue, Suite 5 B
King of Prussia, Pa. 19406
Telephone 610-337-2087
Fax 610-337-2527
pmcdonnell@mcda-law.com
kfertel@mcda-law.com
Counsel for all Christine Facenda
All Walmart Defendants

/s/ Joseph R. Armenti, Esquire

Joseph R. Armenti, Esquire
Counsel for Plaintiff  Zoila Bonilla -Paul

24

# EXHIBIT   4

Walmart, Inc. (more properly, Walmart Inc.) f/k/a Wal-Mart Stores, Inc. which provides services and employment related to all Walmart employees/associates. Its principal place of business and home office is in Bentonville, Arkansas.

12.   The above listed Walmart Defendants are a collection of business entities, organizations, and/or companies, and/or corporations, and/or other business entity, and/or persons that control, and/or own, and/or lease, and/or maintain, and/or operate, and/or conduct business in multiple locations within the Commonwealth of Pennsylvania including numerous locations in Philadelphia County one at 1675 S. Christopher Columbus Blvd. Philadelphia Pa. 19148,2200 Wheatsheaf, Lane Philadelphia Pa. 19137, 9745 Roosevelt Blvd. Ste. A, Philadelphia, Pa. 19114; 4600 Roosevelt Blvd Bldg. G, Philadelphia Pa. 19124; 4301 Byberry Road, Philadelphia Pa. 19154, as well as Walmart's location in 3722 Nazareth Road, Easton, Pa. 18045. The regional manager, John Doe

3) is responsible for the supervision of, and formation and implementation of policies and procedures that are designed to protect the public in all of these stores.

13.   John Doe Numbers 1 through 3 are affiliates, and/or managers/ and/ or assistant managers and/or associates and /or agents, business partners, employees of Walmart Defendants, Wal-Mart Stores East LP. Walmart Inc. (more properly Walmart Inc.), f/k/a/ Wal-Mart Stores, Inc. and/or a/d/k/a/, a/k/a/ Walmart Super Center #2252 and/or Wal-Mart Associates, Inc. and/or other Walmart Defendants. Herein after all the above Defendants including , but not limited to, Manager Christine Facenda, shall be referred to collectively herein after as the "Walmart Defendants." Plaintiff cannot plead more specifically because Walmart Defendants have refused to produce the surveillance video showing the time prior to, the time of, and the time after the slip and fall wherein some John Doe Defendant admitted to Plaintiff of knowing about the spill before her slip and fall and then cleaned up the spill on the

6

# EXHIBIT  5

182.845

**McDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
pmcdonnell@mcda-law.com
By: Jill H. Fertel, Esquire
Attorney I.D. No. 205982
jfertel@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
Telephone - 610-337-2087
Facsimile - 610-337-2575                    *Attorneys for Defendants*

| | |
|---|---|
| ZOILA BONILLA PAUL<br>                    Plaintiff<br><br>        vs.<br><br>CHRISTINA FACENDA;<br>WALMART, INC. f/k/a WAL-MART<br>STORES INC. a/b/d/a WALMART<br>SUPERCENTER #2252; WAL-MART STORES<br>EAST, LLC f/k/a WAL-MART STORES EAST,<br>INC.; WAL-MART STORES EAST, L.P.;<br>WSE MANAGEMENT, LLC; WAL-MART<br>ASSOCIATES, INC.; WAL-MART REAL<br>ESTATE BUSINESS TRUST; WAL-MART<br>PROPERTY CO.; WSE INVESTMENT, LLC;<br>JOHN DOE NO. 1-3<br>                    Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>MAY TERM, 2019, No: 01056<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Jill H. Fertel, Esquire hereby certify that Defendant's Notice of Removal to the United States District Court for the Eastern District of Pennsylvania was filed electronically with the Court and is available for viewing and downloading from the First Judicial District Electronic Filing System. The filed document was served via electronic mail by the First Judicial District Electronic Filing System on the following registered E-Filing User:

Joseph R. Armenti, Esquire
The Armenti Building
303 Chestnut Street
Philadephia, PA 19106
*Attorneys for Plaintiff*

Dated: <u>September 10, 2019</u>

McDONNELL & ASSOCIATES, PC

<u>/s/ Jill H. Fertel</u>
Jill H. Fertel, Esquire
*Attorneys for Defendant*

Case ID: 190501056